### ROBERT MORROW v. MARY E. SMITH.

(Filed March 11, 1899.)

TAX DEED—*Tax Warrant, When Required.* Section 5631, General Statutes of Oklahoma, 1893, which provides that, "An entry is required to be made upon the tax list, showing what it is and for what county and year it is, and the county clerk shall attach to the lists his warrant, under his hand and official seal, in general terms requiring the treasurer to collect the taxes therein levied according to law, and no informality in the foregoing requirements shall render any proceedings for the collection of taxes illegal." And that, "The county clerk shall take the receipt of the county treasurer on delivering to him the tax list with the warrant of the county clerk attached, and such list shall be full and sufficient authority for the collection, by the treasurer, of all taxes therein contained," is mandatory, and without such warrant the county treasurer has no right or authority to sell real estate for the non-payment of taxes, and any sale made by the county treasurer, upon failure to pay taxes on such real estate, and any deed issued by him in pursuance of such sale, in the absence of a warrant as provided in section 5631, is absolutely void.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*R. B. Forrest,* for plaintiff in error.

*Dille & Blake,* for defendant in error.

Opinion of the court by

BURWELL, J.: Lots numbered 4 and 5, in block numbered 82, in the city of El Reno, Canadian county, Territory of Oklahoma, were sold in 1894 for delinquent taxes, and bid in by the county treasurer, under section 5660, Statutes of Oklahoma, 1893. On the 21st day of November, 1895, E. K. Criley paid the county treasurer the

amount of taxes, interests, penalties, costs, etc., accrued against said property, under section 5662, Statutes of Oklahoma, 1893, and received an assignment of the certificate of purchase from the county treasurer, paid the taxes for the subsequent years of 1895 and 1896, and secured a tax deed therefor, and thereafter conveyed said lots to the plaintiff in error.

This case presents the question as to whether or not it is necessary for the county clerk to attach his warrant to the tax lists directing the county treasurer to collect the taxes named therein. It is admitted that no warrants were issued by the county clerk directing the county treasurer to collect the taxes designated in the tax list. Plaintiff and defendant entered into the following stipulation, which was duly filed in this court:

"In the Supreme Court of the Territory of Oklahoma. Robert Morrow, plaintiff in error v. Mary E. Smith, defendant in error. Stipulation.

"It is conceded that the question raised in the brief of the plaintiff in error in this case concerning the necessity of a warrant from the county clerk to the county treasurer, is exactly the same question that is pending at this time before this court in the case of *N. F. Frazier v. Edward Prince.* So far as that question is concerned, plaintiff in error agrees that the brief of the defendant in error, in said case, may be considered in connection with the brief of this plaintiff in error; it is also agreed that any other question, if any there be, identical with the questions presented by the plaintiff in error in this case with similar questions in the Frazier case, may be likewise considered. R. B. Forrest, attorney for plaintiff in error. Dille & Blake, for defendant in error."

The only contention of plaintiff in error in reference to the necessity of a warrant from the clerk to the treasurer, which was not considered by the court in the case of *Frazier v. Prince,* is that no irregularity in the warrant can defeat the deed, and that a warrant must always emanate from a judicial authority. The only certificate attached to the tax list was as follows:

"Territory of Oklahoma, Canadian County, ss:

I, W. J. Clark, county clerk of said county and Territory, do hereby certify that the attached tax rolls contain a true and correct copy of the tax rolls of Canadian county, Oklahoma Territory, for the year 1894.

"In witness whereof, I have hereunto set my hand and affixed the seal of my office, this 31st day of December, A. D. 1894.

"W. J. Clark, County Clerk."

It is true the statutes provide that, "No informality in the foregoing requirements (referring to the section of the statutes which directs the issuance of a tax warrant) shall render any proceedings for the collection of taxes illegal." (Sec. 5631, Statutes Oklahoma 1893.) But there is a great deal of difference between an informality in a tax warrant and the total absence of any warrant at all. The certificate attached to the tax lists was not a warrant; there was no direction to the treasurer to collect the taxes contained in the list as required by the statutes.

It is true that the act of the county clerk in issuing the warrant is a ministerial duty and not a judicial one; so is the issuing of an execution or other writ by a clerk of a court a ministerial act, but the sheriff must be armed with the proper writ before he can sell property to satisfy

a judgment. Likewise, before a county treasurer can legally sell real estate for taxes, he must be armed with the warrant of the county clerk, and if he sells real estate without such warrant, the sale, and any deed issued by him in pursuance thereof, will be absolutely void, and the purchaser will acquire no interest in the land. He does not even have a lien on the land for the amount paid by him to the county treasurer at such sale. There are other questions raised by appellant, but as this question is decisive of his right to recovery, it is not necessary to consider them.

The plaintiff in error, having commenced his action in ejectment in the court below, against the defendant, on his tax deed, issues having been joined therein, a trial had and judgment rendered for the defendant cancelling such deed and quieting the title in her, and taxing the costs to the plaintiff in error, for the reasons given in the case of *Frazier v. Prince*, this volume, p. 253, and the reasons given herein, the judgment of the lower court is hereby affirmed, at the cost of appellant.

Burford, C. J., not sitting; all of the other Justices concurring.