# DAVENPORT *et al.* v. DOYLE.

No. 6695. Opinion Filed April 18, 1916.

(157 Pac. 110.)

1. **TAXATION—Property Subject—Indian Lands—Tax Sale—Validity.** By reason of congressional enactment (Act June 30, 1902, 32 Stat. at L. 503, c. 1323, sec. 16), lands allotted to a Creek citizen as a homestead are, while they possess such characteristic, nontaxable for a period of 21 years from date of the patent therefor; and a tax sale thereof is void.

2. **TAXATION—Tax Sales—Validity.** Where a tract of land embracing a Creek homestead (patent for which was issued in 1908), and 40 acres additional, was sold for the full amount of the taxes levied for the year 1909 by virtue of a single, indivisible assessment upon the entire tract as a unit, such amount being in excess of the taxes which might have been lawfully assessed against the portion exclusive of the homestead, and not separable therefrom, the sale is a nullity.

3. **TAXATION—Tax Laws—Notice of Sale.** Failure to give notice of the sale of real property prescribed by the statute is fatal to the validity of a sale thereof for delinquent taxes.

4. **TAXATION—Tax Titles—Setting Aside Deed—Condition Precedent.** Where a tax deed is void, it is not necessary that the owner, in an action to cancel the same, tender or pay the taxes, interest, penalties, and cost required to redeem the land from tax sale.

(Syllabus by Bleakmore, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Clarence William Doyle, a minor, by A. D. Doyle, his next friend, against R. G. Davenport and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. C. Wright,* for plaintiffs in error.

*Turner & Turner* and *R. A. Hockensmith,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Okfuskee county, Okla., on December 6, 1913, in the name of Clarence William Doyle, an infant, by his next friend, as plaintiff, to cancel and remove, as clouds upon his title, two tax deeds, describing his allotted lands, executed by the treasurer of Okfuskee county, to the defendant R. G. Davenport, and certain leases made by said Davenport to his codefendants, R. A. Bivins and T. R. Bradley. The tax deeds are by the petition declared to be void for divers reasons, to some of which we deem it unnecessary to advert. Plaintiff, a one-sixteenth blood Creek Indian allottee, was about ten years of age at the beginning of this suit. The lands involved are in two separate tracts of 80 acres each, and constitute his allotment as a member of the tribe, for which patents had been issued to him in June, 1908, one of said tracts including 40 acres of land allotted and designated in the patent therefor as his homestead. In June, 1910, the two tracts were separately offered for sale for the 1909 tax levy thereon, and were bid in by the county treasurer in the name of the county. Individual certificates, bearing different numbers, evidencing such sales, were issued, and in April, 1911, were assigned to the defendant Davenport. Subsequently, in August, 1910, the county treasurer executed his tax deed to said defendant, describing said lands as in two parcels. Davenport also paid the taxes levied against the lands due in the years of 1911 and 1912. There was an error in the description, and a second deed was executed by the treasurer to correct the same. Thereafter Davenport leased the lands, one 80-acre tract to Bivins, and the other to Bradley, who went into possession thereof and occupied the same as his tenants. The evidence discloses that one of the 80-acre tracts was not included in

the notice of sale of the land for delinquent taxes for the year 1909. The other 80 acres, which was included in the notice of sale, embraced the 40 acres allotted to the plaintiff as his homestead. By agreement of the parties, the question of the rental value of the land for the year 1913 was submitted to a jury, which found the same to be $70. There was judgment for plaintiff, canceling the tax deeds and leases, and enjoining the defendants from asserting any right or title thereunder, etc., and the court also found and adjudged:

"The court further finds that plaintiff is the legal owner of all said premises above described, and that his title thereto is valid and perfect and superior to any right or interest claimed by defendants, and that defendants, or either of them, have no right, title, and interest in and to said premises; that there is due to plaintiff from said defendants the sum of $70 as rents on said premises for the year 1913; that, as a matter of doing equity, plaintiff should be required to pay to defendants, to cancel the instruments complained of, the taxes, interest, penalties, and costs heretofore paid by R. G. Davenport upon the E. ½ of the S. W. ¼ of section 2, above described, in the full sum of $124.37 (the $70 to be deducted, leaving $54.37); and that said $54.37, balance due defendants, has by plaintiff been duly paid in to the clerk of this court as ordered."

The trial court considered that the tax deeds were void, and in this conclusion we concur. The homestead of plaintiff was exempt from taxation; the act of Congress under which it was allotted providing:

"Each citizen shall select from his allotment forty acres of land * * * as a homestead, which shall be and remain nontaxable, inalienable, and free from any incumbrance whatever for twenty-one years from the date of the deed, therefor, and a separate deed shall be issued

each allottee for his homestead, in which this condition shall appear." (32 Stat. L. 503, c. 1323, sec. 16.)

Any attempt to assess the same for taxation, while it possessed the homestead characteristic, during said 21-year period, was a nullity, and all proceedings looking to the sale thereof for any such tax were void. *English v. Richardson*, 224 U. S. 680, 32 Sup. Ct. 571, 56 L. Ed. 949.

It will be noted that the homestead of plaintiff, together with an additional 40 acres of his allotment, was sold in one parcel for the full amount of the taxes levied by virtue of a single, indivisible assessment against the whole 80 acres as a unit. Such sale being void as to the nontaxable half thereof, and the sum for which the entire tract was sold being in excess of the taxes which might lawfully have been assessed against and become a lien upon the portion exclusive of the homestead, and not separable therefrom, the sale as to such 40 acres was likewise a nullity. 2 Cooley on Taxation (3d Ed.) 592; *County of Santa Clara v. Southern Pac. R. Co.*, 118 U. S. 394, 6 Sup. Ct. 1132, 30 L. Ed. 118; *Fox v. Cross*, 39 Kan. 350, 18 Pac. 300.

The law in force at the time the taxes assessed for the year 1909 became delinquent (section 7635, Comp. Laws 1909) provided that:

"The treasurer shall in all cases where taxes are a lien upon real property and unpaid on the first day of May, proceed to advertise and sell such real estate for such taxes and costs as hereinafter provided. * * *

"Sec. 7636. The treasurer shall give notice of the sale of real property for delinquent taxes by publication thereof once a week for three consecutive weeks, commencing on the first day of May, preceding the sale, in some newspaper in the county. * * * Such notice shall contain

a notification that all lands on which the taxes of such fiscal year remain due and unpaid will be sold, and the time and place of the sale, and it shall contain a list of the lands to be sold and the amount of taxes due.   *   *   * "

With reference to the remaining 80-acre tract, such notice was not given. In *Dawson v. Anderson,* 38 Okla. 167, 132 Pac. 666, it is held:

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory, and not directory."

In *Trimmer v. Rennie,* 43 Okla. 152, 141 Pac. 784, it was held that the failure of the county treasurer to notify by mail a taxpayer whose name appeared upon his record of the amount of his taxes and when the same became due and delinquent, relieved the taxpayer of the liability for penalty prescribed for delinquency in the payment of such tax.

It is contended by plaintiff in error that by virtue of the provisions of section 7416, Rev. Laws 1910, a liberal construction must be given to the statutes relative to tax proceedings and deeds; that, before plaintiff was entitled to any relief, he should have been required to tender or pay the entire amount of the taxes upon both of the 80-acre tracts, and the failure of the court to require the payment of the taxes, penalties, interest, and costs necessary under the levy to redeem the 80-acre tract not included in the notice, constitutes reversible error.

In *Kramer v. Smith,* 23 Okla. 381, 100 Pac. 532, in considering the provisions of the statute relative to a liberal construction, Mr. Chief Justice Kane, speaking for the court, said:

"Counsel for plaintiff in error contends for a liberal construction of this statute relating to tax deeds; insisting that such a construction is required by section 5667 of the Statutes of 1893. Upon this proposition Justice Gillette says: 'The liberal construction with regard to tax proceedings required by section 5667 of the statute does not go to the extent of authorizing or directing the court to read [sic] a necessary provision which has been omitted therefrom by the official executing it, because such fact may be or has been proven to exist, and by so doing declare a deed to be valid which does not conform to the requirements of the statute. A liberal construction would, we think, require the court to declare an instrument valid where words are used declaring facts to exist which are equivalents to the statutory requirements.' And further, on the same subject, Justice Gillette says: 'A strict compliance with the law alone divests the citizen of his property for public use, and where, as in this case, the statute prescribes the substantial form of an instrument by which property shall be conveyed, it cannot be conveyed by an instrument which does not recite the existence of the facts required. Nor can we go behind the deed to prove the existence of facts which should have been set forth in it.' We think the foregoing cases fully cover the points raised by counsel for plaintiff in error. To our mind they state the law correctly and are therefore controlling in the case at bar."

In Cooley on Taxation (3d Ed.) vol. 2, p, 928, it is said:

"The first proceeding usually required of the officer who is to make sale is that he shall give public notice of his intention to do so. Under different statutes, notices in various forms are required, as may be thought most suitable to the case. * * * Unusual care is required in obeying the directions of the statute regarding notice, as no one who is entitled to notice can be bound by a sale which has been made without it. There is no constitu-

tional provision entitling one to notice in a particular mode; what the statute has made sufficient must be deemed so. * * * Whatever the provision is, it must be complied with strictly. This is one of the most important of all the safeguards that have been deemed necesasry to protect the interests of persons taxed, and nothing can be substituted for it or excuse the failure to give it. The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings will be of no avail in supporting them. He is under no obligation to take notice of the proceedings unless notified. * * * "

In our opoinion, the failure to give the notice prescribed by the statute was fatal to the validity of the sale, and rendered all subsequent proceedings leading up to and including the execution of the deed void as to the 80-acre tract, the description of which was omitted from such notice.

In *Wade v. Crouch,* 14 Okla. 593, 78 Pac. 91, it is held:

"Where a tax deed is void, it is not necessary for the owner, in an action of ejectment, or tender or pay any of the taxes, interest, and penalties for which the property was illegally taxed and sold and the tax deed issued."

See, also, *Frazier v. Price,* 8 Okla. 253, 58 Pac. 751; *Morrow v. Smith,* 8 Okla. 267, 61 Pac. 366; *Jones v. Holzapfel,* 11 Okla. 405, 68 Pac. 511.

It is also contended that there was error in the action of the court allowing plaintiff credit for the rental value of the land on the amount of the taxes, interest, penalty, and costs required to redeem the 80 acres of land, notice of the sale of which was given. With this contention we cannot agree. The tax deeds being void, defendant ac-

quired no right thereunder, and, if by virtue of said deeds he deprived plaintiff of the use and occupancy of said lands, recovery against him for the reasonable rental value thereof was proper. Under our view of the case, if there was error in this regard, it operated to the advantage of defendants, and they cannot complain thereof; for if the tax deed be void, plaintiff was not required to tender or pay anything as a condition precedent to the maintenance of his action.

An examination of the entire record convinces us that there was no prejudicial error in the proceedings in the trial court affecting the substantial rights of the defendants, and the judgment should therefore be affirmed.

By the Court: It is so ordered.