## WILKINSON v. GIBBONS et al.

No. 12958—Opinion Filed March 11, 1924.

### 1. Taxation—Invalidity of Tax Deed—Necessity for Recital of Sale Proceedings.

Section 9746, Comp. Stat. 1921, relating to tax resales by the county, requires that the tax deeds show a statement of the acts and proceedings had in making the sale and resale of the property, and under this statute the deed must set forth the acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied in order to constitute a deed valid upon its face; and, where the deed does not contain such statement, or contains only the legal conclusions of the officer executing the instrument in lieu of a statement of facts showing the performance of the acts required by the statute, the deed is void upon its face.

### 2. Same—Notice of Resale—Insufficiency.

Under the provisions of section 9744, Comp. Stat. 1921, requiring that the notice of resale of land for delinquent taxes shall contain the name of the last record owner of the real estate offered for sale as shown by the records in the office of the county clerk, a notice which contains merely the name of the record holder under a stray deed from strangers to the title is insufficient.

### 3. Same.

The provision of section 9744, Comp. Stat. 1921, requiring that the notice of a resale of real estate for delinquent taxes shall contain the name of the last record owner of said real estate, as shown by the records in the office of the county clerk, is mandatory, and the publication of such notice in the name of a stranger to the record title nullifies the sale and renders the deed, executed pursuant to such sale, absolutely void.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; Cham. Jones, Judge.

Action by J. W. Wilkinson against Nancy

P. M. Gibbons et al., for possession of real estate. Judgment for the defendants, and plaintiff appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

Sandlin & Winans, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Stephens county, Okla., on the 3rd day of February, 1921, by J. W. Wilkinson, plaintiff in error, plaintiff below, against Nancy P. M. Gibbons et al., defendants in error, defendants below, to recover the possession of lot five (5), in block twelve (12), in the city of Duncan, Okla.

The parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff claims title to said real estate by virtue of a resale tax deed executed by the county treasurer of Stephens county on the last day of December, 1919, pursuant to a resale on the 26th day of November, 1919, for delinquent taxes assessed against said property for the year 1915.

The answer of the defendant denied the validity of said deed for the reason that no sufficient notice of the sale of said real estate for taxes had been given as required by section 4, chapter 130, of the Session Laws of 1919, and that plaintiff's action was barred by the short statute of limitation contained in section 7419, Rev. Laws of 1910.

Motion for judgment on the pleadings was filed by the plaintiff and overruled, exceptions allowed, and the cause proceeded to trial upon an agreed statement of facts. After the plaintiff's motion for judgment on the agreed statement of facts had been overruled and excepted to, the court rendered judgment in favor of the defendants. Motion for a new trial was filed and overruled and the plaintiff brings the cause on appeal to this court upon petition in error and case-made, claiming that the judgment of the trial court is contrary to the law and the evidence.

Without attempting to set out at length the facts embodied in the agreed statement, it is sufficient to say that it stands admitted on this record:

(1) That plaintiff's action was not commenced within one year after the recording of his resale tax deed.

(2) That the resale occurred on the 26th day of November, 1919, and that the tax deed does not show upon its face that the sale was begun on the 24th day of November, 1919, and continued from day to day until November 26, 1919.

(3) That the resale tax deed does not show upon its face the manner in which the notice of resale was advertised and published, further than to recite that said notice of resale had been duly and legally advertised for sale and sold on November 26, 1919.

(4) That the notice of resale ran in the name of R. N. Hickey, who in the year 1901 had obtained a deed from A. M. Miller and Emma Miller, who were then and had at all times been strangers to the title, and whose deed to R. N. Hickey had been recorded in the office of the county clerk of Stephens county, Okla., on the 8th day of January, 1908.

(5) That the defendant Nancy P. M. Gibbons was, on the 26th day of November, 1919, and had at all times since the 11th day of June, 1906, been the real owner of lot five (5), in block twelve (12), in the original townsite of Duncan, Okla., by virtue of a patent from the Choctaw and Chickasaw Nations of Indians, but whose patent was not recorded in the office of the county clerk of Stephens county, Okla., until the 29th day of May, 1920.

(6) That the defendant Nancy P. M. Gibbons was, on the date of the trial, and had at all times since the 11th day of June, 1906, been in the exclusive possession of said real estate.

(7) That the defendant Nancy P. M. Gibbons at the time of the trial tendered into court for the use and benefit of the plaintiff the whole amount of the taxes, penalties, and costs which she would be legally bound to pay if redeeming the land from tax resale, and all other sums as the court might order.

At the threshold of this case we are met with the claim that under the provisions of section 7419, Rev. Laws 1910, plaintiff's action is barred by the statute of limitation. It is insisted upon the other hand, however, that the short statute of limitation contained in section 4, chapter 130, Session Laws of 1919, operated to repeal by implication the limitation imposed by section 7419, and that therefore there was no bar upon plaintiff's right to institute his action to recover the possession of said property, except the general statutes of limitation contained in the Oklahoma Statutes.

In our view of this case, it is not neces-

sary to pass upon this question, and we therefore pass over the same without discussion or decision, and for the purpose of this case will assume without deciding that plaintiff's cause of action is not barred by any statute of limitation.

This being a suit in ejectment for the possession of real estate, the plaintiff must recover, if at all, upon the strength of his own title and not upon a want of title in the defendant. Unless the plaintiff has the title, it is immaterial to him what title the defendant claims. Therefore, it follows if a want of title appears on the face of the instrument upon which the plaintiff bases his title he cannot recover.

The resale tax deed as disclosed by the record shows that the resale was made on November 26, 1919. Section 9744, Comp. Stat. 1921 (section 4, chapter 130, Session Laws 1919) provides that resales provided for in the act shall be held on the fourth Monday of November of every year in each county. This court will take judicial knowledge of the fact that the fourth Monday of November, 1919, was the 24th day of November of that year.

Construing the 1919 Session Laws, our court in the recent case of Gulager et al. v. Coon, 93 Okla. 62, 218 Pac. 701, where the resale deed showed on its face that the resale was made on December 2, 1919, held that the deed was void on its face in that it appeared that the sale was made at a time other than that provided by statute. But the deed in the instant case is void on its face for another reason. It does not set forth a summary statement of the manner of the publication of the notice of resale, but merely that the land had been duly and legally advertised for sale and sold on the 26th day of November, 1919, pursuant to said advertisement, to J. W. Wilkinson.

In the recent case of Tibbetts, Trustee, v. Reynolds et al., No. 11834, 101 Okla. 119, 223 Pac. 185, opinion filed October 23, 1923, our court, speaking through Mr. Justice Cochran, said:

"The defendants in error contend that the resale tax deed was void upon its face for the reason that said deed was not executed in compliance with section 9746, Comp. Stat. 1921, which requires the treasurer to prepare the deed setting out a summary of the matters and proceedings pertaining to the resale. In construing this statute, this court in Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, said:

"'Nor are the requirements of section 9746, supra, satisfied by the county treasurer setting out in the deed his conclusions as to the regularity of the acts and proceedings resulting in the resale. The treasurer should set out the acts and, proceedings in the deed relating to the tax sale and resale of the property, and leave to the court the duty of passing upon the sufficiency of the acts and proceedings to meet the requirements of the law for a valid tax deed. * * * In order for a tax deed to be valid on its face, it must contain a recital of the facts from which the court may conclude that all statutory and legal requirements have been satisfied. The court will not take the conclusions and opinions of the officer making the sale and preparing the deed, as to the regularity of the acts and proceedings relating to material matters in the sale and resale of the property for taxes, in lieu of a statement of the facts.'

"In the case at bar, just as in that case, the deed recites that the tax sale of the property to the county was due and legal notice, which is merely the legal conclusion of the officer executing the deed and not a statement of the prerequisites of the act authorizing the execution of the deed, and in that case the court held that the failure of the deed to meet the legal requiremnts in this respect rendered the deed void upon its face."

But in addition to the above fatal defects, the deed is still invalid under the admitted facts contained in the record for the reason that the notice of the resale did not run in the name of the last record owner as provided by section 4, chapter 130, Session Laws of 1919. Said section reads in part, as follows :

"* * * Such notice shall contain a description of the real estate to be sold, the name of the last record owner of said real estate as shown by the records in the office of the county clerk. * * *"

It is the contention of plaintiff that because R. N. Hickey appeared upon the records as the owner under a stray deed executed to him by strangers to the title, he was the record owner within the intent and meaning of the statute quoted above. With this contention we cannot agree. It is true that the real owner, the defendant in the instant case, did not appear as the owner, upon the records in the office of the county clerk, and that notice by publication could not therefore have been given in the name of the defendant under any interpretation of said statute. But in our opinion this did not excuse the plaintiff from the duty imposed by the plain language of the statute of giving notice in the name of the last record owner, even

though it may not be apparent how such notice could have helped the defendant.

There is no merit in the contention that notice to Hickey was notice to the last record owner because he appeared to be a holder under a stray deed from strangers to the title. It was the duty of the treasurer to disregard entirely deeds appearing of record not in the chain of title, and it required no knowledge or information outside of that which the record itself disclosed to determine the record owner. A strict compliance with the statute, therefore, would seem to require that the treasurer publish this notice in the name of the true record owner as shown by the records in the office of the county clerk, and such officer is not justified in failing to comply with the mandatory requirements of the statute by the fact that such notice might be of no avail. The prevailing rule is that tax statutes by which a citizen is divested of his property are to be strictly construed.

In Cooley on Taxation (3d Ed.) vol. 2, p. 928, it is said:

"The first proceeding usually required of the officer who is to make sale is, that he shall give public notice of his intention to do so. Under different statutes notices in various forms are required, as may be thought most suitable to the case. * * * Unusual care is required in obeying the directions of the statute regarding notice, as no one who is entitled to notice can be bound by a sale which has been made without it. There is no constitutional provision entitling one to notice in a particular mode; what the statute has made sufficient must be deemed so. * * * Whatever the provision is, it must be complied with strictly. This is one of the most important of all the safeguards that have been deemed necessary to protect the interests of persons taxed, and nothing can be substituted for it or excuse the failure to give it. The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings will be of no avail in supporting them. * * *"

See, also, Davenport et al. v. Doyle, 57 Okla. 341, 157 Pac. 110; Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666.

In our opinion the publication of the notice in the name of a stranger to the record title was fatal to the validity of the sale and rendered all subsequent proceedings leading up to and including the execution of the deed absolutely void.

For the reasons stated, it follows that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.