### BROWN v. MUDD et al.

No. 22941.    May 21, 1935.

Rehearing Denied July 9, 1935.

Bailey E. Bell, W. Cliff Klein, and Gerald B. Klein, for plaintiff in error.

Roscoe E. Harper and Gentry Lee, for defendants in error.

PER CURIAM. The defendants contend that the resale tax deed was invalid and should be set aside upon three grounds. The contentions are:

(1) The resale tax deed introduced in this case is invalid for the reason that the notice of such resale did not disclose the name of the owner according to the last tax rolls in the office of the county treasurer, but affirmatively showed the name of a person who had never appeared on the tax rolls and had never had any interest in the property.

(2) The resale tax deed is invalid for the reason that a proper return on the original sale for 1926 taxes was not filed by the county treasurer.

(3) The resale tax deed is invalid for the reason that the notice of resale was not published "once each consecutive week for four publications preceding the resale." as required by the laws of the state of Oklahoma.

The plaintiff's contention is that the trial court erred in its judgment; and, since the resale tax deed in question is void under the first contention of the defendants, we shall restrict our ruling to that contention.

It is the opinion of this court that whenever a suit to quiet title is instituted, or a direct attack is made upon a resale tax deed when the same has been of record less than one year, that the procedure in the securing thereof may be examined. If such procedure is found not to comply with the statutes providing therefor, that the deed will be set aside though such resale tax deed be good on its face.

In the instant case the advertisement of the sale gave the name of a stranger to the title as the owner of the land. Chapter 158, Sess. Laws 1923, being section 12754, O. S. 1931, provides:

"* * * Such notice shall contain a description of the real estate to be sold, the name of the owner of said real estate, as shown by the last tax rolls in the office of the county treasurer, the time and place of sale, and a statement of the date on which said real estate was sold to the county for delinquent taxes. * * *"

It amended section 9744, C. O. S. 1921, in one particular; it substituted the phrase "the name of the owner of said real estate, as shown by the last tax rolls in the office of the county treasurer," for the phrase "the name of the last record owner of said real estate as shown by the records in the

153

office of county clerk." In this case the county treasurer advertised the premises in the name of V. L. Dresher as the owner; the uncontroverted evidence discloses that his name never appeared as the owner of the particular premises in question on the tax rolls of the county treasurer. The property was sold at the April, 1930, tax resale, and the last tax rolls in the office of the county treasurer were blank as to the owner of the real estate. In Wilkinson v. Gibbons, 98 Okla. 93, 224 P. 178, this court said in paragraph 2 of the syllabus:

"Under the provisions of section 9744, Compiled Statutes 1921, requiring that the notice of resale of land for delinquent taxes shall contain the name of the last record owner of the real estate offered for sale as shown by the records in the office of the county clerk, a notice which contains merely the name of the record holder under a stray deed from strangers to the title is insufficient."

And again, in Adams v. McKinney's Heirs et al., 98 Okla. 144, 224 P. 692, we stated in paragraph 6 of the syllabus:

"Under the resale law as enacted by the Oklahoma Legislature in the session of 1919, appearing as section 9744, Comp. Stat. 1921, and previous to the amendment thereto in the legislative session of 1923 (Laws 1923, c. 158), the treasurer was required to advertise the property in the name of the last record owner as appeared in the office of the county clerk; and, where the treasurer failed to give such notice in the name of the last record owner as appeared in the county clerk's office, the notice was insufficient to authorize the sale of said property at resale; and the sale and treasurer's resale deed based upon such insufficient notice is invalid and void."

The same reasoning applies to the instant case. Section 12754, O. S. 1931, is mandatory; it sets forth the requisites that must be met for a notice to be sufficient. It is necessary that the notice give the name of the owner according to the last tax rolls in the office of the county treasurer.

The plaintiff urges that the deed is valid and relies upon section 9750, C. O. S. 1921, being section 12760, C. O. S. 1931. It is clearly discernible that the Legislature intended section 12754, O. S. 1931, as manda'ory upon the county treasurer, and it must be complied with. The requisites of this section must be met in order for the notice to be sufficient. This section governs the notice, and if the notice does not meet the requirements thereof the resale tax deed issued and the resale held pursuant there-

to, if attacked within one year of the recordation thereof, will be set aside and voided. In the instant case the resale tax deed was attacked within one year of the recordation thereof, and is therefore void. We find no error in the judgment of the trial court, and it is affirmed.

The Supreme Court acknowledges the aid of Attorneys Fred B. Cornels, Oscar Speed, and J. A. Minton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cornels and approved by Mr. Speed and Mr. Minton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.