## EWART et al. v. BOETTCHER.

No. 25641. Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

W. R. Withington, for plaintiffs in error.

J. F. Boettcher, for defendant in error.

PER CURIAM. This action was commenced in the district court of Oklahoma county by Louis R. Ewart et al., against the defendant in error, Dot Boettcher, and on trial judgment was rendered in favor of defendant, from which plaintiffs appeal, so that the parties can and will be referred to as they 'appeared in the trial court.

Plaintiffs state in their petition that they are the owners of the legal and equitable title to a part of the northwest quarter of section 3, township 11 north, range 3 west, a more particular description following by metes and bounds and in the actual, peaceable, open and notorious possession of the same; that the defendant, Dot Boettcher, is claiming some right, title or interest in and to said property by virtue of a certain resale tax deed, dated the 19th day of August, 1926, but that said resale tax deed is absolutely void and transferred no right, title or interest to said property whatsover, because the same is void for numerous and various reasons. Plaintiffs then pray that they be adjudged to be the owners of the legal and equitable title to the property; that their title thereto be quieted in them as against the said Dot Boettcher; that the tax resale deed to the said Dot Boettcher be canceled and removed as a cloud upon the title of plaintiffs, and that she and all persons claiming by, through or under her be enjoined from hereafter asserting or claiming any right, title or interest therein or thereto, adverse to plaintiffs and any or all other relief as may be meet and proper in the premises.

The defendant filed answer denying each and every allegation contained in said petition and setting up that her resale deed had been recorded for more than one year when the plaintiff's action was commenced, and that, therefore, it was barred, pleading the statute of limitations and asking that plaintiff's action be dismissed, to which plaintiffs filed a reply consisting of a general denial.

The case came regularly on for trial on the 9th day of December, 1932, and was taken under advisement by the court until the 23rd day of August, 1933, on which date the court found that the defendant Dot Boettcher, by virtue of her resale deed, was the owner of the property and quieted title in her. Motions for new trial were filed by

plaintiffs and certain codefendants of Dot Boettcher, who had been made additional parties defendant, which were later overruled by the court; exceptions taken, notice of appeal given as required by law, and the case properly lodged in this court, and is now before us upon six assignments of error, which, however, are reduced to five propositions, as follows, to wit:

That the tax deed of the defendant is void for each and all of the following reasons:

(1) Because of the total failure of the county treasurer to advertise the land for sale at the original county sale.

(2) Because the property was not a vacant lot within the city limits of Oklahoma City and failed to bring the amount of taxes, penalties, interest and costs due thereon at the sale.

(3) Because the deed was not dated.

(4) Because the consideration was not expressed in the deed.

(5) Because the deed was not issued within 30 days after the resale as provided by law.

That for each and all the above reasons said resale tax deed was void, and neither the one-year nor the two-year statute of limitations was applicable to said deed. Plaintiffs in error submit the first, third, fourth, and fifth assignments together, as they involve practically the same question, that is:

(1) Is the tax deed of the defendant in error void or invalid?

(2) If the deed is void for the failure of the county treasurer to advertise the land for sale at the original county sale, or for any of the reasons mentioned, is plaintiff's action barred by section 6 of chapter 158, Session Laws of 1923, which is chapter 12756 of the 1931 Laws, which provide a one-year statute of limitations, or by section 12763 of the 1931 Laws, formerly section 9753 of the Compiled Statutes of Oklahoma, 1921, or by the third subdivision of section 99 of the 1931 Laws, formerly section 183 of the Compiled Oklahoma Statutes of 1921?

These three sections of the statute provide a one-year and a two-year limitation from the time of recording the deed in which to set aside the deed or recover the land, and the question is:

(3) Do they apply when the deed is void because of the failure of the treasurer

to give notice or to advertise the lands for sale at the original county sale, where the land is subsequently sold at resale, or void for any other reason?

This property was sold at resale on the 19th day of April, 1926. The record is clear that this resale was based on the 1923 original county sale, which was the November 5, 1923, sale for taxes for the year 1922. It is also clear and convincing that this property was not advertised for sale in the original county sale.

The testimony shows that the resale to defendant made in 1926 was based upon a purported original sale to the county in 1923 for the 1922 taxes, and we further find no advertisement of this property in said 1923 sale to the county for the 1922 taxes.

There is some testimony referred to on page 10 of the answer brief of defendant, but this refers to the 1924 county sale for the 1923 taxes. This resale was not based on that sale. That sale had nothing to do with this resale.

This court has passed on the question involved in this case and held that where there is a total omission to perform any of the things required by statute, same constitutes a jurisdictional omission which cannot be cured by the lapse of the statute of limitations.

In the early case of Davenport v. Doyle, 57 Okla. 341, 157 P. 110, the third paragraph of the syllabus reads as follows:

"Failure to give the notice of the sale of real property prescribed by the statute is fatal to the validity of a sale thereof for delinquent taxes."

In the case of Wilkinson v. Gibbons, 98 Okla. 93, 224 P. 178, the third paragraph of the syllabus reads as follows:

"The provisions of section 9744, Comp. Stat. 1921, requiring that the notice of a resale of real estate for delinquent taxes shall contain the name of the last record owner of said real estate as shown by the records in the office of the county clerk, is mandatory, and the publication of such notice in the name of a stranger to the record title, nullifies the sale and renders the deed, executed pursuant to such sale, absolutely void."

In the body of the opinion the court said:

"In our opinion the publication of the notice in the name of a stranger to the record title was fatal to the validity of the sale, and rendered all subsequent proceed-

ings leading up to and including the execution of the deed absolutely void."

To like effect is the case of Adams v. McKinney's Heirs, 98 Okla. 144, 224 P. 692, and in the case of Rafferty v. Davis, 102 P. 305, an Oregon case, the fourth and fifth paragraphs of the syllabus read:

"4. There can be no valid sale of land for nonpayment of taxes where there is no valid advertisement of the sale.

"5. Where there has been no valid sale of land for unpaid taxes because there was no valid advertisement of the sale, it is not within the power of the Legislature by a curative act to avoid such defect, and thereby take one person's property, and give it to another."

In the case of Smith v. Bostaph, 103 Okla. 258, 229 P. 1039, the second paragraph of the syllabus reads:

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder, are mandatory and not directory."

Before concluding on this point we refer to the holding of this court in the case of Rucker et al. v. Burke, 170 Okla. 243, 39 P. (2d) 6, the second paragraph of the syllabus in which case reads as follows:

"Advertisement of the sale of property for taxes is jurisdictional, and the presumption arising from the execution and recording of a resale tax deed that such advertisement has been made, may be overcome by proof that the same was not made."

Another serious defect, in our opinion, is a failure to properly advertise the property involved in this action on the resale. The property involved is a part of section 3. township 11 north, range 3 west, but when it was advertised at the 1926 resale, there was no section, township or range given in the advertisement. The testimony of the witness Bailey shows this. The land was advertised at the resale as a part of the Second Riverside addition. Plaintiff offered in evidence the plat of Second Riverside addition, which appears at page 81, C.-M.. which plat shows that Second Riverside addition is in section 34, township 12 north, range 3 west, so that this land was not advertised at all at the original county sale, and was in effect not advertised at all at the resale because it was put in Second Riverside addition in section 34, township 12 north, range 3 west, when the land actually lay in section 3, township 11 north, range 3 west. A person looking at the advertisement could not have found this land

because it was not even in the right section or township; but whether the record advertisement was sufficient or not, the total omission to advertise it at the first sale is an omission to give the advertisement required by section 12741, Okla. Stats. 1931.

We therefore hold that the failure to give notice at the original sale and the failure to properly advertise the land at the resale is jurisdictional and rendered the deed void. The state cannot take a person's property away from him without notice.

It appearing from the above holding of this court that it is not necessary to consider the remaining assignments of error but the action of the trial court in rendering judgment in favor of the defendant, Dot Boettcher, quieting her title to this real estate, and said judgment, based upon a void deed to her, must be reversed and is hereby remanded to the trial court, with directions to enter judgment in favor of plaintiffs in error quieting their title to the property.

Defendant in error discusses the question of champerty in her brief, but the question of champerty is not in this case; the defendant in error did not plead it. She only pleads as a defense the statute of limitations. The defense of champerty is a defense which must be specifically pleaded.

Also defendant in error now urges that there was no showing or sufficient proof that plaintiffs were in possession in order to maintain this action, but this argument cannot now prevail. Defendant in error did not seek affirmative relief in her pleadings, but instead of doing this the whole case was cast and tried upon the theory of whether or not the tax deed was good or bad, and if good the trial court was to quiet title in the defendant in error and if bad he was to quiet it in the plaintiffs in error and remove it as a cloud upon their title. If this question had been submitted to the court below, all the court could have done was to have dismissed the plaintiff's action because it was barred or because no possession was shown.

See Beatty et al. v. Beatty et al., 114 Okla. 5, 242 P. 766, and also Starr v. Vaughan, 113 Okla. 247, 241 P. 152, the first paragraph of the syllabus in which case reads as follows:

"Questions of whatever nature not raised and properly presented for review in the trial court will not be noticed on appeal, and, where counsel declares in the trial, in open court, that only a certain question is

involved in a case, or where, by stipulation, the case is submitted only on a certain question, other questions cannot be raised in the appellate court."

In the case at bar it was stipulated that Mrs. L. R. Ewart had the title to this property up to the date of her death, "and that as far as the records show, Mrs. L. R. Ewart had the title to this property up to the date of her death unless she was cut off by the resale tax deed." C.-M. p. 52.

Counsel in the concluding pages of his brief says that the Ewarts claimed this land by the law of inheritance and they all reside in the state of Minnesota, saying further that no attempt was made to approve the law of descent and distribution of Minnesota, or that such a law exists in Minnesota, nor did the plaintiffs present any court records to prove that they were the heirs of the deceased, Mrs. L. R. Ewart. This cannot be sustained as regards the matter of the proof of heirship of the Ewarts. The depositions taken by the plaintiffs in the city of Redwood Falls, Minn., and which appear at pages 46 to 50, inclusive, of the case-made, show clearly the death of Mrs. Ewart and who her heirs were, and it was stipulated that Mrs. Ewart had the title to the property up to the date of her death.

Judgment reversed.

The Supreme Court acknowledges the aid of District Judge Enloe V. Vernor, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by this court.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.