## WALTERS v. RINNERT.

No. 21908. Feb. 27, 1934.

Rehearing Denied April 3, 1934.

Claude A. Niles and Charles R. Freeman, for plaintiff in error.

Hazen Green and Otho Green, for defendant in error.

PER CURIAM. The plaintiff filed his petition to quiet title to all of blocks 90, 91, 101, and 102 in the city of Checotah, according to the official plat thereof. He claimed title by prescription. The defendant, L. G. Rinnert, by answer, denied the claims made by the plaintiff and asked for possession and to have the title quieted to a part thereof. Judgment was rendered in his favor for the possession of and quieting the title to the property described in his answer and cross-petition. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff complains of errors as follows:

"1. That the trial court erred in holding that the property in controversy constituted vacant lots as contemplated by section 9745, C. O. S. 1921, as amended by the 1923 Session Laws, and that said lots could be legally sold at resale for less than the full amount of the taxes.

"2. That the trial court erred in holding that the published notice of said resale in so far as it involved the lots in controversy was sufficient and valid.

"3. That the trial court erred in holding that B. E. Rosendahl had possession of the lots in controversy and that said possession was sufficient to interrupt the possession of plaintiff."

No contention is made as to the insufficiency of the bid at the resale, if the property sold constituted vacant lots, as contemplated by our statutes.

The word "vacant", as is generally used, means deprived of contents, or the state of being empty. It should be construed, however, with reference to the connection in which it is used, and in view of the purposes intended to be attained or accomplished through its use by the Legislature.

The plaintiff cites a decision by the Secretary of the Interior, holding that: "To be vacant, the land must not be occupied by others," and other authorities to the effect that land to be vacant must "have not been appropriated by others." These decisions involved public land, owned by the government, open for settlement, and could not apply to the case at bar. If public land is vacant, within the meaning of the United States Statutes, it is "unappropriated by any person", therefore, not a subject of taxation. If not a subject of taxation, it cannot be taxed or sold for the nonpayment of taxes. Obviously, this cannot be the meaning intended by the Legislature. It necessarily means lots which are owned by someone, and which may be taxed.

The plaintiff also cites the case of Smith v. Askew, 48 Ark. 82, 2 S. W. 349. That was a case to try title to public office, and therein that court stated that the term "vacant lands" is used to designate unoccupied lands. This case clearly is not in point.

The case of Cosmos Exploration Co. v. Gray Eagle Oil Co. and Pacific Land & Improvement v. Elwood Oil Co., 112 Fed. 4, 50 C. C. A. 79, 61 L. R. A. 230, cited by the plaintiff, involved public land of the United States, and the jurisdiction of the court depended upon whether or not the defendants were in possession of the land. The court held the defendants to be in possession of the land, prospecting for oil, with the intention of locating it as mineral land, and that the land was not vacant and open to settlement. We, therefore, regard the case as inapplicable to the one at bar, for the reason heretofore given.

Lots are laid out for the primary purpose, not of cultivation, but for every legitimate town or city use or purpose. The Legislature, by the use of the phrase "vacant lots", as used in section 9745, C. O. S. 1921, as amended by Session Laws 1923, c. 158, sec. 5, page 260, meant lots in any city or town which are uninhabited, and unimproved by the construction of any building, fixture or other erection or construction which enhances the value of any such lot for any legitimate town or city use or purpose.

The lots and each of them involved herein, being uninhabited and having no such improvement thereon, as above specified, are vacant lots within the meaning of said section of the statute, as amended.

Section 9744, C. O. S. 1921, as amended by Session Laws 1923, c. 158, sec. 4, page 259, and Session Laws 1929, c. 282, sec. 1, page 408, provides, among other things, that:

"Such notice shall contain a description of the real estate to be sold, the name of the owner of the real estate, as shown by the last tax rolls in the office of the county treasurer," etc.

In giving the notice, it is not necessary for the county treasurer to know or inquire who is the true owner of the property or by what kind of title he holds. He is required to publish only the name of the owner as his name appears "by the last tax rolls in the office of the county treasurer." The notice complained of contained the name of the owner of the property as it appeared by the said tax rolls. It is immaterial that such rolls showed the wrong name of the owner, and that the records of the county assessor showed the correct name. The county treasurer was not responsible for the error in the name on his tax rolls, and he need not look further for the name of the true owner than to his last tax rolls. The notice is therefore sufficient.

The deed of the defendant not being successfully impeached, and it conveying unto him the title, it is immaterial whether or not the plaintiff's alleged possession was uninterrupted, and we, therefore, do not decide that question.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Arthur G. Sutton, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.