**COCHRAN et al. v. GODARD.**

No. 27714. March 15, 1938.

W. F. Schulte, for plaintiffs in error.

Claude V. Thompson, for defendant in error.

RILEY, J. This is an action by C. B. Godard against Agnes Cochran, Frank Cochran, and W. F. Schulte to recover money expended in payment of taxes on a certain tract of land. From an order overruling a demurrer to plaintiff's evidence, and from judgment rendered for plaintiff, the defendants bring this appeal. The parties will be referred to as they appeared below.

July 2, 1935, plaintiff became the owner of a three-eighths interest in the mineral rights of a 40-acre tract of land. The defendants Agnes and Frank Cochran own the surface rights thereof, and defendant W. F. Schulte owns one-half the mineral rights.

The property was sold and bid in by the county in 1929 for the 1928 taxes.

On July 2, 1935, plaintiff paid $89.61 to the county treasurer and received a tax sale redemption certificate which redeemed the property from the 1929 sale, a back tax receipt for the years 1929, 1930, and 1931, and tax receipts for the years 1932 to 1934, inclusive.

On September 9, 1935, plaintiff filed his petition alleging he was forced to pay said taxes to protect his interest, and that said sum should be declared a lien upon the interest of Agnes and Frank Cochran.

Judgment was prayed against Agnes and Frank Cochran for $89.61, for foreclosure of tax lien in that amount, and for judgment canceling the interest of W. F. Schulte.

The defendants filed a joint answer, but for the purposes of this appeal its contents are immaterial.

At the trial plaintiff introduced his deed from R. M. Love, grantee of defendants Agnes and Frank Cochran, conveying three-eighths interest in the mineral rights to said land; testified he had paid a valuable consideration therefor; that after purchase of said interest he discovered the delinquent taxes, and paid the same to discharge the lien against his royalty; that he had not requested the defendants to pay the taxes, nor had they offered to do so; that no notice to pay the taxes had been served on him; and introduced the above tax receipts.

From an order overruling defendants' demurrer to plaintiff's evidence, this appeal is taken.

The court decreed that the plaintiff had a lien upon the interests of Agnes Cochran and Frank Cochran and W. F. Schulte in the sum of $89.61, and if not paid within 60 days, the sheriff should levy upon the portion of the land belonging to the defendants, have the same appraised and sold to satisfy said lien.

The defendants argue all their assignments of error under the proposition that there is no provision of law in Oklahoma for the foreclosure of a tax lien as herein attempted; that the conditions do not exist herein to authorize equitable action, and that the payment was voluntary and cannot be recovered.

"Where a lienor or other person having an interest in property is compelled to pay taxes thereon to protect his own interest he may have reimbursement of the amount so paid from the person who should have made such payment. * * *" 61 C. J. 950.

No production of minerals being shown on the premises involved, the mineral interest of plaintiff was assessed for taxes to the owners of the surface rights. In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997; Meriwether v. Lovett, 166 Okla. 73, 26 P.2d 200; McNaughton v. Beattie, 181 Okla. 603, 75 P.2d 400.

The deed from Love to the plaintiff conveyed to the latter a three-eighths interest in the mineral rights which constituted an "interest in the land." Hudson v. Smith, 171 Okla. 79, 41 P.2d 861. This interest the plaintiff was entitled to protect from sale for taxes.

We cannot agree with the contention that the plaintiff was a mere volunteer herein. In Marks v. Baum Bldg. Co., 73 Okla. 264, 175 P. 818, plaintiff, a third mortgagee, had paid taxes which were due on the date his mortgage was executed, and in an action to recover the same it was said:

"It has been universally held by the authorities that one who has an interest in property by lien or otherwise, in making payment of prior liens, is not a mere volun-

teer, and that he will be entitled, upon paying off a superior lien, to protect his own lien to be subrogated to the rights of the superior lienholder."

Clearly plaintiff has a right to reimbursement for the taxes paid.

In 61 C. J. 952, it is stated that:

"Where taxes are paid on another's land under such circumstances as to give a right of recovery for the taxes paid, the person making the payment will have an equitable lien on the premises for the amount so paid, or according to the doctrine prevailing in some jurisdictions, will be subrogated to the lien of the state or municipality. * * *"

Defendant in error contends he is entitled to subrogation to the rights of the taxing power and that the judgment of the lower court must be sustained upon this theory. A careful reading of the judgment does not disclose it was based upon the doctrine of subrogation. On the contrary, and rightly so. it appears to have been based upon the theory that the plaintiff was entitled to an equitable lien upon the premises for the amount of the taxes paid.

The defendant Schulte. like the plaintiff, is the owner of certain mineral rights in the land involved and like the plaintiff is not liable under the facts of this case for the ad valorem taxes on said land. His interest was protected by payment of taxes.

The judgment is modified to direct sale of the interest of the Cochrans to satisfy the cost and lien of plaintiff, and in event proceeds are insufficient, thereafter to subject the interest of Schulte to contribution. As modified, the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN. GIBSON, and HURST, JJ., concur. PHELPS, J., not participating. DAVISON, J., absent.