HERNDON v. PIGG.

No. 30398. April 7, 1942.

*124 P. 2d 425.*

W. E. Jeter, of Mangum, for plaintiff in error.

Hollis Arnett, of Mangum, for defendant in error.

HURST, J. This is an action in ejectment by the plaintiff, Paul Pigg, to recover possession of two quarter sections of land in Greer county which he purchased at the 1939 tax resale. The resale notice listed Mrs. C. M. Spoon as the owner of both tracts. The defendant, Roy Herndon, purchased tract No. 1 from Mrs. C. M. Spoon and her husband on March 21, 1938, and the deed to him was recorded on March, 22, 1938. Mrs. Spoon was listed as the owner of that tract on the last tax rolls in the office of the county treasurer at the time of the 1939 tax resale. Tract No. 2 was conveyed to Roy Herndon on October 28, 1939, after the resale, and the deed was recorded December 19, 1939. The record is silent as to who was listed as the owner of tract No. 2 on the last tax rolls in the office of the county treasurer at the time of the 1939 resale. The trial court rendered judgment for the plaintiff, and the defendant, Roy Herndon, appeals.

The defendant argues that the sale of tract No. 1 is void, since he was the record owner, as shown by the records of the county clerk at the time of the 1939 tax resale, and that the treasurer was without jurisdiction to sell the land, since the notice did not show him to be the owner. This contention is without merit. The law in force at the time the notice of the 1939 tax resale was first published (section 12754, O. S. 1931) as well as the law in force at the time of the resale (S. L. 1939, p. 546, § 3) required that the notice of resale contain "the name of the owner of said real estate, as shown by the last tax rolls in the office of county treasurer." The Legislature by this language intended that the treasurer, in preparing the resale notice, should look only to the rolls in his office, and should not be compelled to search the records of the county clerk in determining in whose name the ownership should be listed. The defendant cites us to no authority holding such a provision invalid, and we know of none, although he does argue that the section authorizes the taking of property without due process of law, but cites no authority to support said argument. In Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061, it was held that failure to give the name of the true owner of the land in the resale notice was not fatal to the resale.

The defendant makes no argument as to why the sale of tract No. 2 was not valid.

Section 9 of the 1939 resale act (68 O. S. 1941 § 423h) makes a resale tax deed executed in substantial compliance with the form prescribed by 68 O. S. 1941 § 432g presumptive evidence of seven facts, one being that the property "was duly advertised before being sold," and the section then provides:

"To defeat the deed it must be clearly plead and clearly proven that one or more of the essential prerequisites to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done; and a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed."

It is clear that the defendant does not bring himself within the provisions of this section, and he has failed to sustain the burden of establishing the invalidity of the tax titles held by the plaintiff.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur. RILEY, BAYLESS, and DAVISON, JJ., absent.