PARKS et al. v. CLARK et ux.

No. 30942.  April 6, 1943.

*136 P. 2d 199.*

W. B. Edwards, of Seminole, for plaintiff in error.

John T. Cooper, of Wewoka, for defendants in error.

HURST, J.  S. R. Clark and Mrs. S. R. Clark, husband and wife, sued Nellye M. Parks and others to cancel a resale tax deed to Seminole county, covering some 60 acres of land in that county, based on the April, 1939, tax resale, and also to cancel a commissioners' deed to said Nellye M. Parks. From a judgment in favor of the plaintiffs, Nellye M. Parks appeals.

1. Plaintiffs argue that the resale deed to the county is void for three reasons, which we will dispose of in the order presented.

a.  They first argue that the tax resale and the resale deed are invalid because in the resale notice the property was advertised in the name of C. H. Segar, who owned no interest in the property. But the record discloses that Segar was listed as the owner on the last tax rolls in the office of the county treasurer, and under 68 O. S. 1941 § 432b it was properly advertised in his name. Herndon v. Pigg, 190 Okla. 403, 124 P. 2d 425.

320

b. They next argue that the property was sold at the resale to the county for less than the amount due, and hence the sale is invalid. The record discloses that the property was advertised for $107.44, the correct amount due. It was sold to the county by operation of law for the total amount due. 68 O. S. 1941 § 432d; Phelps v. Asplund, 184 Okla. 310, 87 P. 2d 134. The resale deed to the county erroneously recited the amount for which it was sold as being $104, though it did correctly recite the consideration to be the cancellation of all "taxes, penalties, interest and costs" assessed against the land. This error constituted a mere irregularity, and under the plain terms of 68 O. S. 1941 § 432h, such irregularity does not defeat the tax resale and deed based thereon. The case of Pimm v. Waldron, 118 Okla. 5, 244 P. 37, on which plaintiffs rely, involves a resale to an individual for less than the amount for which the property could be legally sold, and it is not in point.

c. They also contend that under chapter 66, art. 29, S. L. 1939, p. 541 (68 O. S. 1941 § 351 note), the accrued penalties, interest, and costs assessed against said land, and which were included in the notice and sale price, were waived, the land, so they say, being part of the homestead of the plaintiffs, and consequently it was sold for more than the amount due, and the resale is for that reason invalid. However, that statute provides that it shall apply "only to homesteads on which tax exemptions are allowed for the year 1939 or the year 1940." The record is that no such homestead claim was asked or allowed as to the land in question, as required by 68 O. S. 1941 § § 33-47, and it follows that the contention is not tenable.

Since we hold the tax resale and resale deed to the county to be valid, we need not discuss the contention of the defendant that plaintiffs are barred by the one-year statute of limitations found in 68 O. S. 1941 § 432 f.

2. The plaintiffs argue that the commissioner's deed to Nellye M. Parks is invalid because the land in question was advertised and sold with other land in the same section at the commissioners' sale. They concede that in Hefner v. Cravens, 189 Okla. 558, 118 P. 2d 652, we held contrary to their contention. They argue, however, that if the county may sell in a lump sum separate tracts of land acquired by it at resale, the proceeds could not be ratably divided between the resale-property fund and the special improvement tax account as required by section 13 of the 1939 Resale Act (68 O. S. 1941 § 432 1). But it does not appear that the property involved here or any property sold with it is located in a special improvement district, and we need not decide whether the sale would be valid if it were. We adhere to the rule stated in Hefner v. Cravens. Furthermore, a former owner as such may not question the validity of a commissioners' sale where he has been divested of title by a valid tax resale. Johnson v. Williams, 192 Okla. 163, 134 P. 2d 584.

3. Finally plaintiffs contend that S. R. Clark is, and has been since prior to the resale of the land, insane and that he has a right to redeem from the resale and the county sale.

During the trial the plaintiffs were given permission to amend their petition so as to allege the insanity of S. R. Clark, and evidence was introduced on that issue. We have carefully considered that evidence and are of the opinion, and hold, that the judgment is not clearly against the weight of the evidence on that question. The trial court made no special finding on that issue, but he found the issues generally for the plaintiffs. During the trial the plaintiffs deposited with the court clerk a sum of money with which to redeem from the tax sale, and the defendant does not question the sufficiency of the sum for that purpose. The resale having been held under the 1939 Resale Act, the right of redemption is given by 68 O. S. 1941 § 433a. That section provides that "infants, idiots and insane persons may redeem from taxes any real property belonging to them within one year after the expiration of such disability with

interest and penalty at not more than ten per cent per annum." We are committed to the rule that such a person may, while the disability continues, redeem from the sale, but only as to the interest "belonging to" him. Smith v. Hughes, 135 Okla. 296, 275 P. 628, 65 A. L. R. 573. It is not material that the county has sold the land. The right of redemption exists as against the purchaser at the commissioners' sale.

The record does not disclose just what interest in the land S. R. Clark owns and just what interest Mrs. Clark owns. This question must be determined.

Reversed, with instructions to determine what interest S. R. Clark owned in the land at the time of the resale and to permit him to redeem as to that interest, and to enter judgment quieting the title of Nellye M. Parks as to the interest formerly belonging to Mrs. S. R. Clark.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.