CULBERTSON et al. v. TROPE.

No. 31046. April 18, 1944.

*148 P. 2d 159.*

John F. Thomas, of Lawton, for plaintiffs in error.

J. H. Cline and Ralph H. Cline, both of Lawton, for defendant in error.

CORN, C.J. This action was commenced in the district court of Comanche county, Okla., April 29, 1939, by the plaintiffs in error, also plaintiffs below, filing their petition against the defendant in error, Morris S. Trope, alleging that the plaintiffs, J. W. Culbertson and Hugh Reilly, were the legal owners of: The northeast quarter (N.E.¼) of section thirty-two (32), township two (2), north of range ten (10), W.I.M., in Comanche county, Oklahoma; that the defendant claimed title to said property by virtue of a pretended resale tax deed, executed to him by Lillian Waid, treasurer of Comanche county, Okla., on the 30th day of April, 1938.

The cause came on for hearing on the 6th day of September, 1941, and at the close of the plaintiffs' testimony, the defendant demurred to the evidence and the case was continued until the 17th day of January, 1942, for counsel to submit briefs, and on said date the court

rendered judgment sustaining the defendant's demurrer to the plaintiff's evidence, and rendered judgment for the defendant, Morris S. Trope.

Plaintiffs in error in their brief contend that the original sale and resale tax deed are void for the following reasons:

1. That sufficient or proper notice of original sale was not given or published as required by law.

2. That sufficient notice of resale was not given or published as required by law.

3. That the deed is void because of lack of sufficient description of the premises in the notice of sale.

4. That the tax deed and sale were void; that no sufficient notice of intention to demand a deed was given plaintiffs.

The plaintiffs in error ask that their propositions be considered as a single assignment of error and is stated in their briefs to be as follows:

"That the court erred in finding and holding that the deed involved in this action was a valid deed."

Concerning the evidence, it is argued that the property had been returned for assessment as the property of Culbertson and Reilly; and it is admitted that it appears on the certified rolls in the office of the county treasurer for the years 1932 to 1937, inclusive, and that the owners of the property were Culbertson and White. It is next asserted that at the original sale to the county, no certificate issued nor deed was delivered, but that only a notation was made on the sale records of the sale to the county and on the tax rolls for the year sold. It is next complained that the evidence shows that the four weeks' publication of resale ran in a daily newspaper and in issues of Friday, and that such notice is invalid. It is lastly suggested that the premises were sold at a sum at resale not in keeping with the value of the real estate as estimated by plaintiffs in error.

All the matters complained of have been repeatedly decided by this court, adversely to the contention of plaintiffs in error.

Since April 5, 1919, no certificate to county as purchaser is necessary, and resale deed does not need to show recital as to issuance of certificate. Winters v. Birch, 169 Okla. 237, 36 P. 2d 907; Jepeway v. Barrett, 165 Okla. 220, 25 P. 2d 661.

As to notices of sale, none other than the publication notice of original sale and that concerning resale as prescribed by statute, is required. Wilson v. Levey, 140 Okla. 74, 282 P. 679.

The name to appear in resale notice as owner is the name on the last certified roll in treasurer's office, regardless of who otherwise might appear as the true owner. Walters v. Rinnert, 167 Okla. 573, 31 P. 2d 119; Brown v. Mudd, 173 Okla. 152, 47 P. 2d 109; Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061.

Judgment affirmed.

GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.