PARKS et al. v. CLARK et ux.

No. 31657. April 25, 1944.

*148 P. 2d 169.*

W. B. Edwards, of Seminole, for plaintiffs in error.

John T. Cooper, of Wewoka, for defendants in error.

WELCH, J. The question here concerns the ownership of lots 4 and 5, sec. 23, twp. 11 north, range 7 east, in Seminole county, at the date of resale of such land in 1939 for nonpayment of taxes. In Parks v. Clark, 192 Okla. 319, 136 P. 2d 199, this court upheld the validity of the resale deed, but remanded the case for a determination of the question of the interest owned therein by S. R. Clark at the time of resale. Therein Clark was held to have a right of redemption under provisions of 68 O. S. 1941 § 433a.

Upon trial of that issue the trial court here determined and held that said Clark was the sole owner of the land at the time of resale, and Parks prosecutes this appeal. We have to determine only whether the finding and judgment of the trial court in that respect is against the clear weight of the evidence.

The record shows that in 1912 one Reno and Clark took joint title to this land, which is about 60 to 61 acres, and additional land of about the same number of acres lying adjacent to this land on the south. There is evidence to the effect that the Renos and the Clarks shortly thereafter agreed to divide the tract, the Renos to take the south one-half thereof, and the Clarks to take the north one-half. For many years Clark paid all the taxes on lots 4 and 5.

In 1928 there were exchanges of quit-claim deeds between the parties. The description in the deed from the Renos to Clark appears as follows:

"The North half of Lots numbered four, five and ten, and the North half of the west thirty acres of the southeast quarter of the southeast quarter of section twenty-three (23), Township eleven (11) north, range seven (7) east. This deed is intended to cover the north 60.5 acres of the above described land."

The description in the deed from the Clarks to Reno appears as follows:

"The S½ of the following described real property and premises situated in Seminole County, State of Oklahoma, to-wit: Lot 10, and W W SE SE & W E W SE SE & E E W SE SE & Lots 4 and 5, and the W E SE SE & W E E SE SE 23-11-7."

It is Parks' contention that the description in the deed from the Renos to Clark conveyed only their interest in and to the north half of lots 4 and 5, and that the description in the deed to Reno conveyed the Clarks' interest to the south half of such lots.

The trial court found from all the evidence that it was the intention of the parties to convey to Clark the entire title to north half of the whole tract or lots 4 and 5, and to convey to Reno the entire title to the south half of the tract, or the portion of the land excluding lots 4 and 5. It is apparent that the descriptions contained in the deeds are not clear and they were subject to construction by the court to ascertain the intention of the parties.

We have examined the record and conclude that the finding and judgment of the trial court to the effect that S. R. Clark was the owner of the land first hereinabove described at the date of the resale is not against the clear weight of the evidence.

Affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, HURST, and ARNOLD, JJ., concur.