MARTIN v. ATKINSON, WARREN & HENLEY CO. et al.

No. 31661. Jan. 9, 1945.

*154 P. 2d 945.*

John F. Martin and Fred E. Suits, both of Oklahoma City, for plaintiff in error.

Arnold T. Fleig and Eugene S. Wells, both of Oklahoma City, for defendants in error.

HURST, V. C. J., The question presented is whether the holder of a tax sale certificate may acquire title without serving notice of intention to demand a tax deed upon the owner of oil, gas and minerals and thereby extinguish the rights of the owner of such minerals and mineral rights.

On June 8, 1926, the then owner conveyed to E. L. Cralle and C. L. Henley "all of the oil and gas, and oil and gas rights and other minerals" in and under a certain 40-acre tract of land in Oklahoma county, in trust, however, for the Atkinson, Warren & Henley Company, a corporation. Later the trustees conveyed an undivided one-half interest in said minerals and mineral rights to the corporation, but the other half was still held in trust for the corporation. In 1933, said 40 acres, along with an adjoining 40 acres, was sold as one tract to the county at the delinquent tax sale. In August, 1940, John F. Martin acquired the tax sale certificate by assignment, on payment of the total amount then due on the tax liability. Soon thereafter Martin served a notice of intention to demand a tax deed upon the tenant in possession and caused notice to Joan Wilson, owner of the 80 acres, less said mineral interest, to be published. No notice, either personally or by publication, was served on the owners of said mineral interest. On October 30, 1940, Joan Wilson conveyed by warranty deed her interest in the 80-acre tract to Martin. On November 1, 1940, more than 60 days after the service of said notice as above stated, the county treasurer executed and delivered to Martin a certificate tax deed covering the 80 acres which was duly recorded on the date it was executed.

Thereafter, Martin commenced this suit against the executor of the last will and testament of E. L. Cralle, deceased, C. L. Henley, said corporation, and others not now material, to quiet title to the 80 acres. The said defendants answered denying that Martin's title was valid as against said mineral interest, and by cross-petition asked that their title be quieted, (1) because Martin failed to serve notice of an intention to demand a tax deed upon them, and (2) because by the deed from Joan Wilson the tax certificate was merged in the title and Martin was thereafter precluded from acquiring a tax title to said land. By reply, Martin pleaded the statute of limitations, but does not now urge it. The case was tried on stipulation and some oral testimony, disclosing the facts above stated, and that no minerals have been produced from the land. The trial court found the issues in favor of the defendants and quieted the title of the corporation in and to the said minerals and mineral rights as against the plaintiff and the other defendants. Martin appeals.

Our statute (68 O. S. 1941 § 451) provides that before the holder of a tax sale certificate is entitled to a tax deed, he "shall cause a written notice signed by himself to be served upon the owner of the land if he is within the state, and also upon the person in possession of the said land," and that until the expiration of 60 days from service of the notice "redemption may be made by any person authorized by law to redeem." The question here is whether the owner of a mineral interest is an "owner" as that term is used in said statute. The defendants argue that before persons having the rights of redemption can be cut off by a certificate tax deed all such persons must be served with notice, and that all such persons are "owners" within the contemplation of the Legislature in enacting said statute. They point out that by 68 O. S. 1941 § 433a the right of redemption is given to "the

owner of any real estate sold for taxes, or any person having a legal or equitable interest therein." The plaintiff argues that the Legislature intended to make a distinction between the "owner" on whom the notice must be served under section 451 and the persons entitled to redeem under section 433a by the language used in the two statutes.

We are committed to the rule that the right to remove the oil, gas and other minerals is a proper subject of ownership which may be granted or reserved (Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377; Hudson v. Smith, 171 Okla. 79, 41 P. 2d 861), and a conveyance of the oil, gas and other minerals is a conveyance of an interest in the land and creates a separate estate therein. Cuff v. Koslosky, 165 Okla. 135, 25 P. 2d 290. Therefore, the defendants were the owners of an interest in said land at the time the tax deed was obtained.

We have held that a mortgagee of land (Foster v. Marshall, 141 Okla. 246, 284 P. 882; Savery v. Graves Farm Loan Co., 157 Okla. 173, 11 P. 2d 462; Adams v. Rogers, 158 Okla. 163, 13 P. 2d 170) and the holder of a prior tax sale certificate (Warrior v. Stith, 174 Okla. 150, 50 P. 2d 179) have such an interest as to require that the notice be served upon them before their rights can be extinguished by a certificate tax deed.

The authorities cited by plaintiff as to the nontaxability of mineral interests servered by conveyance, as here, while a part of the land, and the effect of a valid tax deed, and the right of the holder of a mineral interest to redeem from a tax sale are not in point or helpful.

We think it logically follows from the foregoing authorities and from what we have said, and accordingly hold, that the rights of the defendant corporation are unaffected by the plaintiff's tax deed.

Affirmed.

GIBSON, C. J., and RILEY, BAYLESS, DAVISON, and ARNOLD, JJ., concur.