ROREM v. MERCER et al.

No. 33927.   Dec. 4, 1951.

*238 P. 2d 330.*

Hays & Powers, Oklahoma City, for plaintiff in error.

Champion, Champion & Wallace, Ardmore, Curtis & Blanton, Pauls Valley, Busby, Harrell & Trice, Ada, and Forrest M. Darrough, Walter Davison, and Varley H. Taylor, Tulsa, for defendants in error.

HALLEY, V. C. J. Ernestine Mercer and others, claiming to be heirs of Claudie Colbert, deceased, filed this action against R. D. Rorem and others for a determination of heirship under Claudie Colbert and to quiet title to 40 acres of land in Garvin county, being the allotment of Claudie Colbert, a Chickasaw Freedman, who died intestate in 1926 after having conveyed an undivided one-half of the minerals, which is now owned by L. S. Randolph and is not involved in this appeal.

L. S. Randolph and the holders of certain oil and gas leases were permitted to intervene and set up their interests, which are not in conflict with the claims of plaintiffs. It was not disputed that the plaintiffs had held continuous possession of the land for more than 15 years prior to the commencement of this action, and plaintiffs plead ownership by inheritance from the allottee and also by the 15-year statute of limitation.

The claim of S. D. Rorem is based upon these facts: The land had been struck off at tax sale to Garvin county, and at resale in 1922 it was again sold to Garvin county, and on December 5, 1922, resale tax deed was executed by the county treasurer to the chairman of the board of county commissioners. The notice of resale listed the land as

being owned by "J. S. Mullins", a complete stranger to the title, and the notice also included 1908 taxes in the sum of $29.12 as a part of the taxes due, for which the land was being sold. The total taxes claimed to be due and delinquent amounted to $168.93, and included taxes for seven years in addition to those for 1908.

The trial was had to the court, and resulted in judgment for the plaintiffs and interveners. Plaintiffs were found to be the heirs of Claudie Colbert, deceased, and it was found that they were entitled to the land as such heirs and by the 15-year statute of limitation. Titile was quieted in the plaintiffs and interveners, as prayed for. The resale tax deed of December 5, 1922, and the county deed to Roy Stone dated February 4, 1924, and the quitclaim deed of Roy Stone and wife to S. D. Rorem dated August 28, 1935, were canceled on the ground that the resale tax deed of December 5, 1922, on which later conveyances were based, was void.

S. D. Rorem has appealed, and submits two propositions. He claims that the 1922 resale tax deed is valid, and that the plaintiffs acquired no interest adverse to S. D. Rorem by reason of their admitted possession of the surface of the land for more than 15 years, on the theory that by his quitclaim deed he had acquired only an undivided one-half interest in the minerals.

If the resale deed is void because sufficient notice of sale was not given, then Garvin county acquired no title thereby and could convey none to Roy Stone by the county deed to him, and Roy Stone had no interest to convey to S. D. Rorem by his quitclaim deed of 1935. S. D. Rorem's claim depends upon the validity of the 1922 resale tax deed. Plaintiffs claim that this deed was void because the notice of sale gave the name of the owner as "J. S. Mullins", a stranger to the title, and also included in the taxes for which the land was being sold the taxes for 1908, a year in which the land was exempt from taxation.

Subd. 6 of sec. 9750, C.O.S. 1921, provided that the notice should show the name of the owner of the land as shown by the records of the county clerk. Such records showed Claudie Colbert to be the owner in 1922.

With respect to the validity of the resale tax deed, based on notice which did not contain the name of the owner as shown by the records of the county clerk, we find that in Wilkinson v. Gibbons, 98 Okla. 93, 224 P. 178, it was said in the third syllabus:

"The provisions of section 9744, Comp. St. 1921, requiring that the notice of a resale of real estate for delinquent taxes shall contain the name of the last record owner of said real estate, as shown by the records in the office of the county clerk, is mandatory, and the publication of such notice in the name of a stranger to the record title, nullifies the sale and renders the deed, executed pursuant to such sale, absolutely void."

In Adams v. McKinney's Heirs, 98 Okla. 144, 224 P. 692, it was said in the sixth syllabus:

"Under the resale law as enacted by the Oklahoma Legislature, in the session of 1919, appearing as section 9744, Comp. Stat. 1921, and previous to the amendment thereto in the legislative session of 1923 (Laws 1923, c. 158), the treasurer was required to advertise the property in the name of the last record owner as appeared in the office of the county clerk; and, where the treasurer failed to give such notice in the name of the last record owner as appeared in the county clerk's office, the notice was insufficient to authorize the sale of said property at resale; and the sale and treasurer's resale deed based upon such insufficient notice is invalid and void."

S. D. Rorem contends that the omission of the name of the owner in the notice of resale is not fatal, because it is provided in sec. 9754, C.O.S. 1921, that the tax sale of real property "shall not be invalid on account of such real property having been listed or charged in any other name than that of the

rightful owner." Sec. 9754, C.O.S. 1921, is the same as sec. 395, 68 O.S. 1941. In Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061, this court held that where the name of the landowner is left blank on the assessment rolls in the office of the county treasurer, and such name is also left blank in the notice of resale, such omission did not invalidate the resale tax deed. However, in the case under consideration, the name of the owner as it appeared on the records of the county clerk was required, and the name of Claudie Colbert as the owner appeared on the records of the county clerk. After the 1923 amendment, the notice of sale was required to show the name of the owner as it appeared in the office of the county treasurer, and it was the duty of the county treasurer to list land for taxation and to state that the name of the owner was unknown, if such were the case. The Swearingen case, supra, is only authority for holding that a notice which omits any reference to the name of the owner of the land is not fatally defective where the last tax rolls in the office of the county treasurer were completely silent as to such ownership. However, since the sale under consideration was had in 1922, when the law required the name of the owner as it appeared on the records in the office of the county clerk, we conclude that where such records disclosed the correct name of the owner, the notice was fatally defective which disclosed merely the name of a complete stranger to the title. Notice of resale was intended to call the attention of the owner of the land to the fact that he was about to lose his land for nonpayment of taxes, as well as for the purpose of attracting bidders to the sale.

Since we hold that the resale tax deed of 1922 is void because the name of the owner, as shown by the records of the county clerk, was not in the notice of the resale, it is not necessary to discuss the effect of the inclusion of the 1908 taxes in the notice.

S. D. Rorem contends that plaintiffs failed to plead or make proper tender of the amount of taxes, interest, penalty, and costs. In numerical paragraph 4 of plaintiff's original petition and in the petition of L. S. Randolph, intervener, a proper tender was pleaded. S. D. Rorem made no demand that the correct amount due be determined, or that the money tendered be paid into court; he made no demand that the action be dismissed for failure of plaintiffs to plead and make a proper tender. In Courtney v. Worley, 181 Okla. 399, 74 P. 2d 370, it was held that by such failure the defendant waived such right.

S. D. Rorem contends that by the quitclaim deed to him he acquired only an interest in the minerals, and that the adverse possession of Claudie Colbert and his successors could not ripen into title by the 15-year statute of limitation. Since we have concluded that the 1922 resale tax deed was void, we do not find it necessary to discuss this last contention, other than to say that we find no error in the judgment of the trial court upon this point.

For the reasons above stated, the judgment of the trial court is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.