**592**

W. M. SHARP et al., Plaintiffs in Error,

v.

Odis B. JACKSON and Florine Jackson,
Defendants in Error.

No. 38427.

Supreme Court of Oklahoma.

Sept. 22, 1959.

Joy G. Clayton, Tulsa, for plaintiffs in error.

Primus C. Wade, Tulsa, for defendants in error.

DAVISON, Chief Justice.

This action was instituted July 31, 1957, by defendants in error, hereinafter referred to as plaintiffs, against J. Lacy Ballenger, hereinafter referred to as Ballenger, and W. M. Sharp and Katie Sharp, hereinafter referred to as Sharps, to quiet title to certain real estate located in Tulsa County, and for damages for refusal to deliver possession of said real estate to the plaintiffs.

Plaintiffs alleged in their petition that they were the owners of the real estate by virtue of a resale tax deed dated May 13, 1957, from the county treasurer of Tulsa County, conveying the property to them, and that Ballenger and Sharps refused to deliver possession of the property. Ballenger and Sharps answered claiming ownership to the real estate involved herein and alleging the invalidity of the resale tax deed and tendered the whole amount of taxes, penalties, interest and costs necessary for the redemption of the property and prayed that the title be quieted in Sharps.

Ballenger and Sharps urge several grounds for reversal of the judgment of the lower court. In view of our decision herein, we find it necessary to consider only the alleged error that the published notice of the tax resale did not contain "the name of the owner of said real estate as shown by the last tax rolls in the office of the County Treasurer." The action was filed within three months after the issuance of the resale tax deed and no question of any statute of limitations is presented by the facts or urged by the parties.

Title 68 O.S.1951 § 432b prescribes the contents of the notice of a tax resale and provides among other things that the notice shall contain " * * * the name of the owner of said real estate as shown by the last tax rolls in the office of the County Treasurer * * *".

The notice of the tax resale reflects that the name "K. Gibson" was set out as the owner of the property, whereas the record reflects that the last tax rolls in the office of the County Treasurer recite the owner to be "Wm. J. Sharp". It is therefore apparent that the published tax resale notice did not comply with the requirements of the above-quoted portion of the statute. The effect of this defect in the tax resale notice was to render the resale tax deed invalid and void and plaintiffs therefore acquired no title.

In Trappe v. Freeborn, Okl., 288 P.2d 1105, we held that the doctrine of strictissimi juris prevails in Oklahoma and is applicable to tax resales and in Terwilleger v. Bridges, 192 Okl. 642, 138 P.2d 79, we held that the advertisement of sale of property for taxes as required by the above-cited statute was jurisdictional.

In Brown v. Mudd, 173 Okl. 152, 47 P.2d 109, the tax resale notice gave as owner a name of a party not appearing to be owner according to the last tax rolls in the county treasurer's office and we declared that the statute must be complied with and if the notice does not meet the requirements thereof the resale tax deed issued and the resale held pursuant thereto will be set aside and voided. See also Frates v. Whitson, 195 Okl. 129, 155 P.2d 536; Culbertson v. Trope, 194 Okl. 146, 148 P.2d 159; Herndon v. Pigg, 190 Okl. 403, 124 P.2d 425; Rorem v. Mercer, 205 Okl. 395, 238 P.2d 330, and Parks v. Clark, 192 Okl. 319, 136 P.2d 199.

The cause is reversed with directions to render judgment in accord with the views herein expressed conditioned upon plaintiffs in error fully complying with the tender statutes.

Reversed.