CHRISTIE–STEWART, INC., a corpora-
tion, Plaintiff,

v.

Walter B. PASCHALL, Jr., and John N.
Paschall et al., Defendants,

R. W. Garrett and R. H. Vaughn,
Cross-Defendants.

No. 43907.

Supreme Court of Oklahoma.

Sept. 26, 1972.

William J. Legg, Andrews, Mosburg, Davis, Elam, Legg & Kornfield, Oklahoma City, for plaintiff.

Jack Highley, Highley & Highley, Oklahoma City, for defendants, the Paschalls and Ross.

Richard S. Roberts, T. H. Williams, Jr., Wewoka, for defendants, Garrett and Vaughn.

JACKSON, Justice.

The question for decision is whether the Oklahoma statutory procedure for the sale of real property for delinquent ad valorem taxes complies with constitutionally adequate notice and due process of law. A brief statement of the facts will explain how the issue arose.

Prior to 1952 the Paschalls and H. Grady Ross acquired by mineral deeds $15/16$ths of the minerals in and under a 40 acre tract of land in Seminole County, Oklahoma. The surface owner failed to pay the ad valorem taxes for the year 1952, and pursuant to statute the County Treasurer included the land in the Original Sale on the 1st Monday in November, 1953. Publication notice of the Original Sale was given prior to the sale in the manner provided by the statute. There being no bidders at the Original Sale, Seminole County became the purchaser and acquired a certificate which in legal effect was an ad valorem tax lien.

The 1952 taxes were not paid during the next two years by the surface owner or by the mineral deed holders and, pursuant to statute, the County Treasurer included this land in the Resale conducted on the second Monday in May, 1956. Publication notice of the Resale was given in accordance with the statute prior to the sale and the mineral deed holders, the Paschalls and Ross, did not receive notice of the sale either by personal notice, mailing, or posting. Garrett and Vaughn were the successful bidders at the Resale and claim a fee simple title. Their bid was in excess of the amount of taxes due and the surface owner received the surplus. He is not a party in this action.

In 1963 Christie-Stewart, Inc. (plaintiff herein) acquired separate oil and gas leases from Garrett and Vaughn and from the Paschalls and Ross. Plaintiff brought this action to quiet title to its leases and to determine whether Garrett and Vaughn acquired title to the mineral rights by their Resale Tax Deed, or whether the mineral rights remained in the Paschalls and Ross. Oil was discovered on the land in 1965 and royalty payments have been suspended pending decision of the ownership of the mineral rights.

The trial court, consistent with our statutes and former decisions of this court, held that the Resale Tax Deed purchasers (Garrett and Vaughn) were the owners of the minerals. The Paschalls and Ross appealed. The Court of Appeals, Division No. 2, relying upon Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Wisconsin Electric Power Co. v. City of Milwaukee, 352 U.S. 948, 77 S.Ct. 324, 1 L.Ed.2d 241; and New York v. New York, New Haven & Hartford R. R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333, concluded that publication was not adequate notice and under the circumstances of this case reversed the trial court.

It is readily apparent that in each of the cited cases the court was dealing with law suits or actions where the statute did not specifically designate the time and place where the action or proceeding would be filed and action taken. In *Mullane* the

trustee was required to make an accounting *twelve to fifteen months* after the establishment of the trust fund and *trienially thereafter*. In *Walker* the City could file its condemnation proceeding at its convenience. *Wisconsin Electric Power Co.* involved special assessments for street improvements, and *New York* involved a bankruptcy proceeding. To this list may be added Schroeder v. New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255, 89 A.L.R. 2d 1398. See also Due Process in Oklahoma Tax Sales, 20 Okla.Law Rev. at p. 374. In each of the cited cases publication was insufficient notice because it would require a property owner to constantly examine the legal notices contained in newspapers to determine whether his property was in jeopardy. In each of the cited cases the landowner was not aware that he should examine the published notices. He could not forecast with certainty when, if ever, an action would be filed.

In the instant case the land owner, and those having interests therein, knew that ad valorem taxes would be assessed, knew when they would be due, and could forecast with certainty the day, the hour, and place where ad valorem tax foreclosures would occur if the taxes were not paid. Since the Original Sale and Resale occurred in 1953 and 1956, respectively, our references will be to the statutes then in effect, i. e., 68 O.S.1951, § 351 et seq.

68 O.S.*1951*, §§ 382, 383, required the County Treasurer to give prior notice of an Original Sale by publication that the sale for delinquent taxes would commence on the first Monday in November in each year, between the hours of 9 A.M. and 4 P.M., at the office of the County Treasurer. A return of the Original Sale was required to be filed with the County Clerk (register of deeds) on or before the last day of November in each year. 68 O.S. 1951, § 386.

In the instant case there were no other bidders at the November, 1953, Original Sale and the County Treasurer bid on the property and acquired for the county a tax lien. 68 O.S.1951, §§ 388 and 391.

This property remained unredeemed after the November, 1953, Original Sale and it became the duty of the County Treasurer to conduct a Resale on this property on the second Monday in May, 1956. 68 O.S. 1951, § 432. Notice of the Resale was published for four consecutive weeks in an authorized newspaper published in the county stating that the property (describing it and listing the name of taxable owner) would be sold at Resale at the office of the County Treasurer beginning on the second Monday in May, 1956, between the hours of 9 A.M. and 4 P.M. as required by the statutes. 68 O.S.1951, §§ 432b and 432d. It was at this Resale in 1956 that Garrett and Vaughn entered their bid and acquired their Resale Tax Deed (fee simple title) within 30 days after the Resale. 68 O.S. 1951, § 432f.

Severe penalties were provided for the County Treasurer if he failed to conduct Original Sales and Resales at the time required by statutory law. 68 O.S.1951, §§ 432n, 472 and 475.

 It was the duty of the surface owner to attend the County Treasurer's office and pay the 1952 taxes when due on November 1, 1953. 68 O.S.1951, § 351. If the taxes were not paid by the owner the mineral holders had the right to pay the taxes and assert an equitable lien against the surface owner, Cochran v. Godard, 182 Okl. 506, 78 P.2d 692, since they had an interest in the land. Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058. As owners of an interest in the land they were required to take note of the taxing statutes and procedures affecting the control or disposition of their interest. Anderson National Bank v. Luckett, 321 U.S. 233, 243, 64 S.Ct. 599, 605, 88 L.Ed. 692, 703. Every person who owns an interest in land in Oklahoma is charged with knowledge that the land is subject to an ad valorem tax, that the land may be sold in the manner provided by law, and is charged with notice of the time and place where such property will be sold.

**1268**

Ponder v. Ebey, 194 Okl. 407, 152 P.2d 268; 68 O.S.1951, §§ 432b and 432d, supra. It follows that the Paschalls and Ross had knowledge that the land was taxable, when the taxes were due, when the property would be sold at Original Sale, that they had a right to redeem prior to Resale, and the time and place of the Resale. They had two years to inquire of the Treasurer whether the taxes had been paid by the surface owner prior to the Resale. Ponder v. Ebey, supra.

Since oil and gas interests in land are not separately taxed on an ad valorem basis the names of the mineral owners do not appear in the County Treasurer's records. We have held that the Treasurer is not required to search the County Clerk's records to ascertain the names of the owners of the land. Herndon v. Pigg, 190 Okl. 403, 124 P.2d 425.

This court and our Legislature has been aware of *Mullane* for several years, and curative measures have been taken where necessary. Bomford v. Socony Mobile Oil Co., Okl., 440 P.2d 713, and 66 O.S.1971, § 55, are examples.

The distinction we draw between the cases relied upon by the Appellate Court and the statutory procedures for foreclosing tax liens is well illustrated in Walker v. Hoffman, Okl., 405 P.2d 57. In Walker v. Hoffman we held that an applicant for a county treasurer's *certificate deed* must give notice to the severed mineral interest holders. *Mullane* clearly applies where an application is made for a treasurer's certificate deed. This is because the timing of the application is left to the applicant and the burden of providing adequate notice and due process is imposed upon the applicant. In Resales the County Treasurer gives notice by publication (to owners who already statutorily know the time and place of the sale) that the land will be sold at the time and place specified by the statute unless the taxes are paid. Thus the publication notice of Resale is supplemental to other action which had conveyed a warning to the owners of interests in the land.

The Supreme Court in *Mullane* said this has been the traditional and acceptable use of publication. 339 U.S. at p. 316, 70 S.Ct. 652.

We conclude that Oklahoma's Resale tax sale procedures afford adequate notice and due process where, as here, the land was correctly described in the notices and the statutory procedures were specifically followed.

The judgment of the Appellate Court is reversed. The judgment of the trial court is affirmed.

BERRY, C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.