Olice Herring COATES, Jimmy Wilson and Christene Wilson, husband and wife, K. C. Perryman and Gladys Perryman, husband and wife, Appellees,

v.

James Marion HEWGLEY, Jr., Appellant.

No. 50837.

Court of Appeals of Oklahoma, Division No. 1.

June 27, 1978.

Released for Publication by Order of Court of Appeals July 20, 1978.

Royse & Meacham by Donald Royse, Elk City, for appellee Olice Herring Coates.

Malloy, Thompson & Malloy by Pat Malloy, Tulsa, and Stanley E. Niece, Elk City, for appellant.

REYNOLDS, Judge:

The defendant in the trial court, James Marion Hewgley, appeals a judgment quieting and confirming fee simple title in the plaintiff, Olice Herring Coates, to 160 acres and Lot 2 of Section 3, Township 13 North, Range 22 West of the I.M. The defendant contends the judgment is erroneous because a 1940 county deed of property acquired at tax resale, which was issued without serving notice on the defendant, did not divest him of a previously severed one-half mineral interest in the land.

The property was acquired by Roger Mills County at a tax resale on May 2, 1939. In April of 1940 a third party made an application to purchase the property for $365.00. On May 6, 1940 a county deed for property acquired at resale was delivered to the plaintiff as the highest bidder for $366.00. Notice of the sale was made by publication; however, the defendant contends failure to serve notice of the application to purchase on the Oklahoma resident mineral interest owner rendered the subsequent tax proceeding void as a conveyance of the mineral interest.

The defendant refers to *Martin v. Atkinson, Warren & Henley Co.*, 195 Okl. 19, 154 P.2d 945 (1945) construing 68 O.S. 1941, § 451 as authority for the controlling rule. Both the case and the statute deal with certificate tax deeds. The statute then in force governing the notice requirements for sale of property acquired at a tax resale proceeding was Ch. 66, Art. 31, § 11 of the 1939 Oklahoma Session Laws, which requires that a resale proceeding be conducted after notice by publication made by

the county treasurer for three consecutive weeks, as was done in the case under consideration. There is a distinction between the notice requirements for the acquisition of a valid certificate tax deed and a resale tax deed, and the distinction is explained in *Christie-Stewart, Inc. v. Paschall,* 502 P.2d 1265 (Okl.1972) at 1268, as follows:

"The distinction we draw between . . . the statutory procedures for foreclosing tax liens is well illustrated in *Walker v. Hoffman,* Okl., 405 P.2d 57. In *Walker v. Hoffman* we held that an applicant for a county treasurer's *certificate deed* must give notice to the severed mineral interest holders. *Mullane [Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865] clearly applies where an application is made for a treasurer's certificate deed. This is because the timing of the application is left to the applicant and the burden of providing adequate notice and due process is imposed upon the applicant. In Resales the County Treasurer gives notice by publication (to owners who already statutorily know the time and place of the sale) that the land will be sold at the time and place specified by the statute unless the taxes are paid. Thus the publication notice of Resale is supplemental to other action which had conveyed a warning to the owners of interest in the land. The Supreme Court in *Mullane* said this has been the traditional acceptable use of publication. . . ."

As owner of a mineral interest in the land defendant's predecessor was required to take note of the taxing statutes and procedures affecting the control or disposition of his interest. *Anderson National Bank v. Luckett,* 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944). Every person in Oklahoma is charged with knowledge that the land is subject to ad valorem tax, that the land may be sold in the manner provided by law, and is charged with notice of the time and place where the property will be sold. *Ponder v. Ebey,* 194 Okl. 407, 152 P.2d 268 (1944). If the taxes were not paid by the surface owner the holder of the mineral interest had a right to pay the taxes and acquire thereby an equitable lien against

the surface owner. *Cochran v. Godard,* 182 Okl. 506, 78 P.2d 692 (1938). It is apparent that the resale tax deed to Roger Mills County is not void as to the prior mineral owner by reason of the admitted lack of service of notice upon the owner of the severed minerals other than by publication. The valid resale tax deed to Roger Mills County passes fee simple title to the land, including the mineral rights therein, whether severed or not, to the purchaser and extinguishes the rights of the owners of the land and mineral rights of all their estate therein. *Jenkins v. Frederick,* 208 Okl. 583, 257 P.2d 1058 (1952); *Hales v. Lee,* 199 Okl. 110, 184 P.2d 451 (1947); *Sears v. Randolph,* 195 Okl. 200, 156 P.2d 595 (1945). After the county acquired the resale tax deed the previous owners were strangers to the title. The trial court correctly issued judgment confirming plaintiffs' recorded ownership of the fee simple estate by virtue of the 1939 tax resale and the 1940 county deed.

The judgment of the trial court is affirmed.

AFFIRMED.

BOX, P. J., and ROMANG, J., concur.